COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-138-CR

 

 

MICHAEL BLAKE BOURNE                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

On April 1, 2009, the trial court entered
judgment on the jury=s verdict after the jury found
Appellant Michael Blake Bourne guilty of aggravated assault with a deadly
weapon and assessed twenty-eight years=
confinement as punishment.  Bourne did
not file a motion for new trial; therefore, his notice of appeal was due May 1,
2009.  See Tex. R. App. P.
25.2(b), 26.2(a)(1).








On June 4, 2009, we notified Bourne=s
appellate counsel of our concern that we lacked jurisdiction over this appeal
because Bourne=s notice of appeal was not filed
in the trial court until May 4, 2009.[2]  We informed him that the appeal was subject
to dismissal for want of jurisdiction unless he filed a response on or before
June 15, 2009, advising us whether the mailbox rule would apply in this case.  See Tex. R. App. P. 9.2(b).  Bourne=s
appellate counsel=s reply, dated June 8, 2009, and
received by the court on June 9, 2009, fails to provide this court with a basis
to exercise jurisdiction.








A notice of appeal that complies with the
requirements of rule 26 of the rules of appellate procedure is essential to
vest this court with jurisdiction over an appeal.  See Tex. R. App. P. 26.2(a)(1); Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996) (AWhen a notice of appeal is filed
within the fifteen‑day period [in rule 26.3] but no timely motion for
extension of time is filed, the appellate court lacks jurisdiction.@).  Here, we lack jurisdiction to dispose of the
purported appeal in any manner other than by dismissing it for lack of
jurisdiction.  See id. at
523.  Therefore, we must dismiss the
appeal for lack of jurisdiction.[3]  See Tex. R. App. P. 26.2(a)(1),
43.2(f).

 

PER CURIAM

PANEL:  MCCOY, J.; CAYCE, C.J.;
and MEIER, J.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 2, 2009











[1]See Tex. R. App. P. 47.4.





[2]Rule 26.3 states that the
appellate court may extend the time to file a notice of appeal if, Awithin 15 days after the deadline for
filing the notice of appeal, the party: 
(a) files in the trial court the notice of appeal; and (b) files in the
appellate court a motion complying with Rule 10.5(b).@  Tex. R. App. P. 26.3 (emphasis added).  Bourne=s motion for an extension of time would have been
due Monday, May 18, 2009.  See id.





[3]Although we have determined
that we do not have jurisdiction over Bourne=s appeal, he is not without a remedy.  The appropriate vehicle for seeking an
out-of-time appeal is by writ of habeas corpus from the court of criminal
appeals pursuant to article 11.07 of the code of criminal procedure.  See Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2008); Olivo, 918 S.W.2d at 525 n.8; Wright v.
State, No. 02-05-00076-CR, 2005 WL 1594367, at *1 n.2 (Tex. App.CFort Worth July 7, 2005,
no pet.) (mem. op., not designated for publication).